**Anushavan HARUTYUNYAN,**
**Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney**
**General, Respondent.**

**No. 06–74594.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2010.*

Filed April 16, 2010.

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas Fatouros, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Anushavan Harutyunyan, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on both the omission from Harutyunyan's detailed declaration and direct testimony of the mob attack and police beating he testified about on cross-examination, *see id.* at 962–63, and the inconsistency between Harutyunyan's testimony and the medical document regarding the reasons for his hospitalization, *see Goel v. Gonzales,* 490 F.3d 735, 739 (9th Cir.2007) (inconsistencies between testimony and documentary evidence support an adverse credibility finding where inconsistencies go to the heart of the claim). Accordingly, in the absence of credible testimony, Harutyunyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence also supports the agency's denial of CAT relief because Harutyunyan failed to demonstrate it is more likely than not he will be tortured in Russia. *See Wakkary v. Holder,* 558 F.3d 1049, 1067–68 (9th Cir.2009).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We do not address Harutyunyan's contention that he established past persecution based on the harms he suffered in Chechnya and the filtration camp because the BIA did not address this contention, *see Ramirez–Altamirano v. Holder,* 563 F.3d 800, 804 (9th Cir.2009), and Harutyunyan does not claim that the BIA erred in failing to address the issue, *see Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**